CLD-012                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1262
_____

ELIZABETH PETER, Beneficiary for the Estate: ELIZABETH PETER, and the trustee
for THE A&A TRUST,
                                        Appellant

v.

OFFICE OF ATTORNEY GENERAL NEW JERSEY; TAVISTOCK AT MAYS
LANDING HOME OWNERS ASSOCIATION INC, c/o KAREN BARTAL; KARYN
ANN BRANCO, c/o CUTOLO BARROS, LLC.; ERIC D. MANN; PAUL D.
AARONSON; MICHAEL J. RUFFU; HYBERG WHITE & MANN, P.C.; KAREN
BARTAL; DENNIS BARTAL; JOHN C. PORTO, Civil Presiding Judge; RALPH
ANDREW PAOLONE; JOSEPH J. GIRALO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Action No. 1:23-cv-02477)
District Judge:  Renee M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 17, 2024
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: October 28, 2024)

————————

OPINION[*]

————————

PER CURIAM

Elizabeth Peter, proceeding in forma pauperis, appeals from the District Court's order dismissing her amended complaint. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order as modified. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

This case arose out of a state court collection action. A homeowners' association, Tavistock at Mays Landing Homeowners Association, Inc. ("Tavistock"), sued the A&A Trust, for which Peter is the trustee, for breach of a homeowners' association agreement. Meanwhile, Peter filed a third-party complaint against Tavistock and others for violations of her federal civil and constitutional rights. She removed the state-court action to the District Court, which dismissed Peter's claims for lack of jurisdiction and remanded the case back to state court.

Then, Peter filed a pro se complaint in the District Court against several defendants under 42 U.S.C. § 1983 for civil rights and due process violations, real estate

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

deed fraud, conspiracy to commit real estate deed fraud, forgery, a wrongful foreclosure attempt, breach of contract, obstruction of justice, negligence and recklessness, slander, and infliction of emotional distress. Among others, Peter named District Court Judge Bumb as a defendant. Because Judge Bumb was presiding over the case, the claims against Judge Bumb were assigned to Judge Martinotti to determine whether they should be dismissed. Judge Martinotti concluded that the claims against Judge Bumb were frivolous or barred by judicial immunity and dismissed them. Peter filed an amended complaint[1] and again removed the state-court action to the District Court. The defendants moved to dismiss. Peter filed several motions and supplemental pleadings requesting injunctive relief, an emergency hearing, default judgment, and for Judge Bumb to recuse herself from the case.

The District Court dismissed Peter's complaint with prejudice and denied all of Peter's pending motions because it found that the Court lacked subject matter jurisdiction, and alternatively, Peter failed to satisfy pleading standards. The District Court warned Peter that she would face sanctions if she continued to file frivolous documents. Peter moved for reconsideration, which the Court denied. Peter appealed.

---

[1] Peter again named Judge Bumb as a defendant but did not bring any new claims against her that were not already dismissed by the District Court.

3

II.

We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's dismissal of the complaint de novo.  See Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007).  We may affirm the District Court's judgment on any basis supported by the record.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

The District Court did not err by concluding it lacked subject matter jurisdiction. A party asserting federal question jurisdiction must establish in the "well-pleaded complaint . . . that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Goldman v. Citigroup Glob. Mkts. Inc., 834 F.3d 242, 249 (3d Cir. 2016) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27-28 (1983)). An insufficient federal claim may preclude the court's subject matter jurisdiction "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."  Beazer E., Inc. v. Mead Corp., 525 F.3d 255, 261-62 (3d Cir. 2008) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).  Here, Peter alleged that the defendants violated her due process rights "by using an unfair court process" in the underlying state-court case.  The District Court did not err by finding Peter's conclusory allegations frivolous and insufficient to establish federal question

4

jurisdiction. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Also, as the District Court explained, it lacked diversity jurisdiction because Peter did not meet her burden to establish that the parties were diverse or that the amount in controversy exceeded $75,000.[2] See 28 U.S.C. § 1332(a). And the District Court did not abuse its discretion by declining to exercise supplemental jurisdiction over Peter's state-law claims. See 28 U.S.C. § 1367(c)(3). Nor did it abuse its discretion by denying Peter's pending motions.[3]

A dismissal for lack of subject matter jurisdiction, however, should be without prejudice. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 182 (3d Cir. 1999). Here, the District Court's order specifies that the complaint is dismissed with prejudice. Accordingly, we will modify the District Court's order to dismiss Peter's complaint without prejudice, and we will affirm the order as modified. To the extent Peter seeks other relief on appeal, it is denied.

---

[2] We agree with the District Court that Peter's demand for $3.8 million was not made in good faith. See Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997).
[3] Peter argues the District Court erred by denying her recusal motion. Generally, a judge should disqualify herself if she is a party to the proceeding. 28 U.S.C. § 455(b)(5)(i). Here, another District Court judge concluded that the claims against Judge Bumb were frivolous or barred by judicial immunity. Also, we have done an independent de novo review of Judge Bumb's legal conclusions and determined that the Court did not err by dismissing the case.

5